UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA RILEY, on her own behalf
and on behalf of all those similarly
situated,

    Plaintiffs,

vs.

CITY OF NORWALK, NORWALK BOARD OF EDUCATION, and NORWALK PUBLIC SCHOOLS DISTRICT,

    Defendants.

CASE NO.:

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

COMES NOW the Plaintiff, Barbara Riley, on her own behalf and on behalf of others similarly situated, by and through their undersigned counsel, and hereby files this Complaint against the Defendants, City of Norwalk ("City"), Norwalk Board of Education ("Board"), and Norwalk Public Schools District ("District" and collectively with City and Board, the "Defendants"), for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

### INTRODUCTION

1. This is an action by Plaintiff against her employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is intended to include all current and former employees who worked for Defendants within the last three years that: 1) were paid by the hour, 2) performed two or more jobs for the district in one workweek, and 3) worked more than forty (40) hours within a work week without being paid time and a half their regular rate of pay for *all* overtime hours worked.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

4. The venue of this Court over this controversy is proper based upon the claim arising in Fairfield County, Connecticut.

## PARTIES

5. Plaintiff is an hourly paid employee who during her employment with Defendants, has held several job titles, including, Paraeducator and office assistant.

6. Plaintiff is a member of the union Norwalk Federation of Educational Personnel (local 3793), and Defendants' Collective Bargaining Agreement ("CBA") with local 3793 does not contractually bind the parties to arbitrate a dispute.

7. The CBA does not "clearly and unmistakably" encompass Plaintiff's statutory claims.

8. There are no specific references in the CBA either to FLSA or to 'statutory causes of action' generally.

9. Defendant City of Norwalk ("City") is a local municipality responsible for the education of its citizens.

10. Defendant Norwalk Board of Education ("Board") is responsible for overseeing

the administration of educational services offered to the residents of Defendant City.

11. Furthermore, Defendant Board is responsible for all employment related decisions of Defendant City, including but not limited to, controlling the Plaintiffs' work schedules and conditions of employment; determining the rate and method of the payment of wages; and maintaining at least some records regarding Plaintiff's employment.

12. Defendant Board acts as an agent of Defendant City.

13. Defendant Norwalk Public Schools District ("District") is a Department of Defendant City and is primarily responsible for the administration of education to the City's residents. Defendant District acts as an agent of Defendant City.

14. Defendants City, District and Board, unless otherwise specified herein, shall be referred to hereafter collectively as "Defendants."

15. Defendants are duly licensed to transact business within the State of Connecticut. Together, Defendants jointly employ(ed) Plaintiff and all other similarly situated employees who are the subject of this Complaint.

## COVERAGE

16. At all material times relevant to this action (2016-2019), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

17. At all material times relevant to this action (2016-2019), Defendants made gross earnings of at least $500,000 annually.

18. At all material times relevant to this action (2016-2019), Defendants accepted payments from customers based on credit cards issued by out of state banks.

19. At all material times relevant to this action (2016-2019), Defendants routinely ordered materials or supplies from out of state. (i.e. office and school equipment and supplies).

20. At all material times relevant to this action (2016-2019), Defendants had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (i.e. office and school equipment and supplies).

21. At all times relevant to this action (2016-2019), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

22. Plaintiff, works as a "Paraeducator", as well as a "Paraeducator for the 'After the Bell' Program", and performs related activities for Defendants in Fairfield County, Connecticut.

23. As a paraeducator, Plaintiff supports students to participate in their educational program, assist the teachers with the implementation of classroom instructional goals and Section 504 plans, assist teachers in maintaining student records of attendance, assist students during recess, breaks, emergency drills, assemblies, on school buses and field trips, assist and support students to use computers, iPads or other media to access curriculum, and assist with the After-The Bell program.

24. In these capacities, Plaintiff earned two separate hourly wages: $25.53 per hour when she worked as a "Paraeducator" and $18.00 per hour when she worked as a "Paraeducator for the 'After the Bell' Program".

25. Plaintiff has worked for Defendants since approximately September 5, 2006 to present.

26. The "After the Bell" program started in or around 2016 and is a before and after school program for Defendants' students.

27. Once the "After the Bell" program began, Plaintiff worked the After the Bell program in the mornings, before classes started, and in the afternoon, after classes ended for the day.

28. While working the After the Bell program in the mornings and afternoons, Plaintiff also worked her normal hours while classes were in session.

29. Based on a preliminary review of Plaintiff's time records (summarized below) she estimates her damages to be $1,027.62. This estimate is not meant to be fully inclusive, as all records have not been examined. This estimate also does not include liquidated damages or attorney's fees.

    a. 08/26/2017 – 09/01/2017: 33 hours worked at $25.08 & 15.75 hours worked at $18.00 = **48.75.** No overtime premium was paid.

    b. 09/09/2017 – 09/15/2017: 27.50 hours worked at $25.08 & 24.25 hours worked at $18.00 = **51.75.** No overtime premium was paid.

    c. 09/23/2017 – 09/29/2017: 27.50 hours worked at $25.08 & 24 hours worked at $18.00 = **51.50.** No overtime premium was paid.

    d. 10/07/2017 – 10/13/2017: 23 hours worked at $25.53 & 21.25 hours worked at $18.00 = **44.25.** No overtime premium was paid.

    e. 10/14/2017 – 10/20/2017: 23.50 hours worked at $25.53 & 22.50 hours worked at $18.00 = **46.** No overtime premium was paid.

    f. 10/21/2017 – 10/27/2017: 27 hours worked at $25.53 & 22.50 hours worked at $18.00 = **50.00**. No overtime premium was paid.

    g. 10/28/2017 – 11/3/2017: 27.50 hours worked at $25.53 & 23.25 hours worked at $18.00 = **50.75**. No overtime premium was paid.

    h.       11/25/2017 – 12/01/2017: 26.25 hours worked at $25.53 & 19.75 hours worked at $18.00 = **46.00**. No overtime premium was paid.

    i.       12/09/2017 – 12/15/2017: 26 hours worked at $25.53 & 21.25 hours worked at $18.00 = **47.25.** No overtime premium was paid.

    j.       12/16/2017 – 12/22/2017: 22.50 hours worked at $25.53 & 24.50 hours worked at $18.00 = **47.** No overtime premium was paid (See Plaintiff's detailed daily work schedule for the weeks listed above, attached hereto as Exhibit 1).

    30.      Plaintiff, and other similarly situated employees, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

    31.      The employees who were affected are those who worked in the following positions: **"After the Bell" employees, Paraeducators and Bus Riders**.

    32.      All such employees were paid by the hour.

    33.      Plaintiff, and all those similarly situated to Plaintiff, were not paid any overtime wages by Defendants, for all hours worked during the weeks in which they worked in excess of 40 hours.

    34.      Defendants' failure to pay Plaintiff, and all those similarly situated to Plaintiff, has been willful, arbitrary, unreasonable, and in bad faith.

    35.      Defendants operate, manage, and control approximately twenty-one (21) schools.

    36.      Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime compensation at a rate of no less than time and one half their regular rate of pay for *all* hours worked over forty in a workweek.

    37.      Plaintiff, and other similarly situated employees, were paid an hourly rate for all hours worked, including for all overtime hours worked ("straight pay").

38. Plaintiff and those similarly situated were eligible for overtime provided they worked more than forty (40) hours per week.

39. As a result, Plaintiff and those similarly situated, should have received compensation at time and one half their regular rate of pay for all hours worked beyond the forty (40) hours per week.

40. In short, Defendants worked Plaintiff and those similarly situated employees in two positions to avoid paying overtime.

41. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

42. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff reserves the right, as might be necessary or appropriate, to modify or amend the definition of the proposed Class, when Plaintiff files her motion for class certification, notwithstanding, the proposed Class on whose behalf this action is brought is defined as follows:

> **all current and former employees who worked for Defendants within the last three years that: 1) were paid by the hour, 2) performed two or more jobs for the district in one workweek, and 3) worked more than forty (40) hours within a workweek without being paid time and a half their regular rate of pay for all overtime hours worked.**

44. All the proposed class were paid by the hour.

45. All the proposed class were eligible for overtime if they worked more than forty (40) hours in any workweek.

46. All the proposed class performed similar job duties in that they worked for the Defendants school system performing non-exempt work.

47. All the proposed class performed two or more jobs within a workweek for Defendants.

48. All the proposed class members' total weekly hours worked for both jobs exceed forty hours, but the class members were not paid time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

49. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

50. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that hourly employees were paid for all overtime hours worked.

51. This policy or practice was applicable to Plaintiff and the class members.

52. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

53. In essence, damages can be computed by a mathematical exercise.

54. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

55. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

56. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a workweek.

57. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
## VERSUS ALL DEFENDANTS

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 57 above.

59. Plaintiff and those similarly situated to her worked for Defendants at various times from 2016 to 2019.

60. Defendants are a public entity doing business in the State of Connecticut and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

61. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

62. Specifically, Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

63. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to her, are in the possession and custody of Defendants.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, prays for the following relief:

A. that, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all similarly situated employees who work or have worked for Defendants during the Collective Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. the payment at one and one-half times their regular rates of pay for all overtime hours worked by Plaintiff and FLSA Collective Members for which they have not been properly compensated;

C. liquidated damages pursuant to 29 U.S.C. § 216(b);

D. reasonable attorneys' fees and costs;

E. a reasonable service award for the named Plaintiff to compensate her for the time she spent attempting to recover wages for FLSA Collective Members and for the risks she took in doing so;

F. prejudgment interest; and

G. all other relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

64. Plaintiff demands a jury trial on all issues so triable against Defendants.

DATED this **12th** day of **September**, **2019**.


Respectfully submitted by,


*/s/ Ryan Daugherty*
Ryan Daugherty, Esq.
Daugherty Law Group, LLC
Juris No. 439385
260 Madison Avenue, 8th Floor
New York, New York 10016
(646) 859-1674
Plaintiff's Counsel

# PLAINTIFF'S EXHIBIT 1

Week A:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (08/28/2017) | 07:50 am | 04:35 pm | 8.25 |
| Tuesday | (08/29/2017) | 10:33 am | 07:13 pm | 8.25 |
| Wednesday | (08/30/2017) | 06:46 am | 08:38 am | 2.00 |
| Wednesday | (08/30/2017) | 08:45 am | 02:48 pm | 5.50 |
| Wednesday | (08/30/2017) | 02:48 pm | 06:08 pm | 3.50 |
| Thursday | (08/31/2017) | 06:52 am | 08:41 am | 2.00 |
| Thursday | (08/31/2017) | 08:41 am | 02:41 pm | 5.50 |
| Thursday | (08/31/2017) | 02:57 pm | 06:05 pm | 3.00 |
| Friday | (09/01/2017) | 06:49 am | 08:40 am | 2.00 |
| Friday | (09/01/2017) | 08:40 am | 02:40 pm | 5.50 |
| Friday | (09/01/2017) | 02:57 pm | 06:20 pm | 3.25 |

Total Hours Worked = **48.75**
Plaintiff was paid (33 hours at $25.08 + 15.75 hours at $18.00) = $1,111.14
Plaintiff did not receive OT premium for hours over 40

Week B:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (09/11/2017) | 06:53 am | 08:44 am | 1.75 |
| Monday | (09/11/2017) | 08:44 am | 02:44 pm | 5.50 |
| Monday | (09/11/2017) | 02:52 pm | 06:05 pm | 3.25 |
| Tuesday | (09/12/2017) | 06:55 am | 08:32 am | 1.50 |
| Tuesday | (09/12/2017) | 08:44 am | 02:48 pm | 5.50 |
| Tuesday | (09/12/2017) | 02:56 pm | 06:33 pm | 3.50 |
| Wednesday | (09/13/2017) | 06:58 am | 08:33 am | 1.50 |
| Wednesday | (09/13/2017) | 08:33 am | 02:30 pm | 5.50 |
| Wednesday | (09/13/2017) | 02:57 pm | 06:15 pm | 3.25 |
| Thursday | (09/14/2017) | 06:55 am | 08:35 am | 1.50 |
| Thursday | (09/14/2017) | 08:35 am | 02:30 pm | 5.50 |
| Thursday | (09/14/2017) | 02:45 pm | 06: 02 pm | 3.25 |
| Friday | (09/15/2017) | 06:47 am | 08:32 am | 1.75 |
| Friday | (09/15/2017) | 08:40 am | 02:40 pm | 5.50 |
| Friday | (09/15/2017) | 02:56 pm | 06:02 pm | 3.00 |

Total Hours Worked = **51.75**
Plaintiff was paid (27.50 hours at $25.08 + 24.25 hours at $18.00) = $1,126.20
Plaintiff did not receive OT premium for hours over 40

Week C:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (09/25/2017) | 06:55 am | 08:36 am | 1.50 |
| Monday | (09/25/2017) | 08:36 am | 02:43 pm | 5.50 |
| Monday | (09/25/2017) | 02:43 pm | 06:05 pm | 3.25 |
| Tuesday | (09/26/2017) | 06:59 am | 08:35 am | 1.50 |
| Tuesday | (09/26/2017) | 08:35 am | 02:35 pm | 5.50 |
| Tuesday | (09/26/2017) | 02:56 pm | 06:10 pm | 3.25 |
| Wednesday | (09/27/2017) | 06:49 am | 08:35 am | 1.75 |
| Wednesday | (09/27/2017) | 08:43 am | 02:48 pm | 5.50 |
| Wednesday | (09/27/2017) | 02:48 pm | 06:07 pm | 3.25 |
| Thursday | (09/28/2017) | 06:53 am | 08:34 am | 1.50 |
| Thursday | (09/28/2017) | 08:34 am | 02:34 pm | 5.50 |
| Thursday | (09/28/2017) | 02:59 pm | 06:03 pm | 3.00 |
| Friday | (09/29/2017) | 06:43 am | 08:35 am | 1.75 |
| Friday | (09/29/2017) | 08:35 am | 02:30 pm | 5.50 |
| Friday | (09/29/2017) | 02:48 pm | 06:00 pm | 3.25 |

Total Hours Worked = **51.50**
Plaintiff was paid (27.50 hours at $25.08 + 24.00 hours at $18.00) = $1,121.70
Plaintiff did not receive OT premium for hours over 40

Week D:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (10/09/2017) | 06:57 am | 08:34 am | 1.50 |
| Monday | (10/09/2017) | 08:34 am | 02:39 pm | 5.50 |
| Monday | (10/09/2017) | 02:39 pm | 05:58 pm | 3.25 |
| Tuesday | (10/10/2017) | 06:59 am | 08:33 am | 1.50 |
| Tuesday | (10/10/2017) | 08:33 am | 02:33 pm | 5.50 |
| Tuesday | (10/10/2017) | 02:42 pm | 06:14 pm | 3.50 |
| Wednesday | (10/11/2017) | 06:51 am | 08:34 am | 1.75 |
| Wednesday | (10/11/2017) | 08:34 am | 02:41 pm | 5.50 |
| Wednesday | (10/11/2017) | 02:41 pm | 06:02 pm | 3.25 |
| Thursday | (10/12/2017) | 11:39 am | 02:46 pm | 3.00 |
| Thursday | (10/12/2017) | 02:46 pm | 06:06 pm | 3.25 |
| Thursday | (10/12/2017) | Sick | Sick | 2:50 |
| Friday | (10/13/2017) | 11:08 am | 02:44 pm | 3.50 |
| Friday | (10/13/2017) | 02:44 pm | 06:01 pm | 3.25 |
| Friday | (10/13/2017) | Sick | sick | 2.00 |

Total Hours Worked = **44.25**
Plaintiff was paid (23 hours at $25.53 + 21.25 hours at $18.00) = $969.69/ NO OT

Week E:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (10/16/2017) | 07:04 am | 08:33 am | 1.50 |
| Monday | (10/16/2017) | 08:33 am | 02:30 pm | 5.50 |
| Monday | (10/16/2017) | 02:56 pm | 06:05 pm | 3.00 |
| Tuesday | (10/17/2017) | 07:00 am | 08:34 am | 1.50 |
| Tuesday | (10/17/2017) | 08:34 am | 02:37 pm | 5.50 |
| Tuesday | (10/17/2017) | 02:45 pm | 06:08 pm | 3.50 |
| Wednesday | (10/18/2017) | 06:50 am | 08:34 am | 1.75 |
| Wednesday | (10/18/2017) | 08:34 am | 02:39 pm | 5.50 |
| Wednesday | (10/18/2017) | 02:47 pm | 06:05 pm | 3.25 |
| Thursday | (10/19/2017) | 06:54 pm | 08:35 am | 1.50 |
| Thursday | (10/19/2017) | 08:35 am | 02:37 pm | 5.50 |
| Thursday | (10/19/2017) | 02:37 pm | 05:50 pm | 3.25 |
| Friday | (10/20/2017) | 01:23 pm | 02:57 pm | 1.50 |
| Friday | (10/20/2017) | 03:05 pm | 06:16 pm | 3.25 |
| Friday | (10/20/2017) | sick | sick | 4.00 |

Total Hours Worked = 46

Plaintiff was paid (23.50 hours at $25.53 + 22.50 hours at $18.00) = $1,004.96

Plaintiff did not receive OT premium for hours over 40

Week F:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (10/23/2017) | 06:57 am | 08:39 am | 1.75 |
| Monday | (10/23/2017) | 08:39 am | 02:45 pm | 5.50 |
| Monday | (10/23/2017) | 02:53 pm | 05:59 pm | 3.00 |
| Tuesday | (10/24/2017) | 09:07 am | 03:07 pm | 5.50 |
| Tuesday | (10/24/2017) | 03:10 pm | 06:09 pm | 3.00 |
| Wednesday | (10/25/2017) | 06:58 am | 08:33 am | 1.50 |
| Wednesday | (10/25/2017) | 08:33 am | 02:33 pm | 5.50 |
| Wednesday | (10/25/2017) | 02:45 pm | 06:05 pm | 3.25 |
| Thursday | (10/26/2017) | 06:51 am | 08:33 am | 1.75 |
| Thursday | (10/26/2017) | 08:33 am | 02:33 pm | 5.50 |
| Thursday | (10/26/2017) | 02:43 pm | 06:06 pm | 3.25 |
| Friday | (10/27/2017) | 06:56 am | 08:34 am | 1.50 |
| Friday | (10/27/2017) | 08:34 am | 02:35 pm | 5.50 |
| Friday | (10/27/2017) | 02:43 pm | 06:10 | 3.50 |

Total Hours Worked = 50

Plaintiff was paid (27.50 hours at $25.53 + 22.50 hours at $18.00) = $1,107.08

Plaintiff did not receive OT premium for hours over 40

Week G:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (10/30/2017) | 07:00 am | 08:35 am | 1.50 |
| Monday | (10/30/2017) | 08:35 am | 02:35 pm | 5.50 |
| Monday | (10/30/2017) | 02:52 pm | 06:09 pm | 3.50 |
| Tuesday | (10/31/2017) | 07:08 am | 08:38 am | 1.50 |
| Tuesday | (10/31/2017) | 08:38 am | 02:38 pm | 5.50 |
| Tuesday | (10/31/2017) | 02:48 pm | 06:05 pm | 3.25 |
| Wednesday | (11/01/2017) | 06:57 am | 08:33 am | 1.50 |
| Wednesday | (11/01/2017) | 08:33 am | 02:34 pm | 5.50 |
| Wednesday | (11/01/2017) | 02:34 pm | 06:04 pm | 3.50 |
| Thursday | (11/02/2017) | 07:45 am | 08:33 am | 0.75 |
| Thursday | (11/02/2017) | 08:33 am | 02:33 pm | 5.50 |
| Thursday | (11/02/2017) | 02:44 pm | 06:17 pm | 3.50 |
| Friday | (11/03/2017) | 07:06 am | 08:35 am | 1.50 |
| Friday | (11/03/2017) | 08:35 am | 02:30 pm | 5.50 |
| Friday | (11/03/2017) | 03:13 pm | 06:00 pm | 2.75 |

Total Hours Worked = 50.75
Plaintiff was paid (27.50 hours at $25.53 + 23.25 hours at $18.00) = $1,120.58
Plaintiff did not receive OT premium for hours over 40

Week H:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (11/27/2017) | 07:03 am | 08:39 am | 1.75 |
| Monday | (11/27/2017) | 08:39 am | 02:34 pm | 5.25 |
| Tuesday | (11/28/2017) | 07:07 am | 08:40 am | 1.75 |
| Tuesday | (11/28/2017) | 08:40 am | 02:40 pm | 5.50 |
| Tuesday | (11/28/2017) | 02:49 pm | 06:06 pm | 3.25 |
| Wednesday | (11/29/2017) | 07:05 am | 08:35 am | 1.50 |
| Wednesday | (11/29/2017) | 08:35 am | 02:35 pm | 5.50 |
| Wednesday | (11/29/2017) | 02:35 pm | 06:06 pm | 3.50 |
| Thursday | (11/30/2017) | 09:58 am | 03:04 pm | 4.50 |
| Thursday | (11/30/2017) | 03:04 pm | 06:08 pm | 3.25 |
| Thursday | (11/30/2017) | sick | sick | 1.00 |
| Friday | (12/01/2017) | 07:05 am | 08:34 am | 1.50 |
| Friday | (12/01/2017) | 08:34 am | 02:34 pm | 5.50 |
| Friday | (12/01/2017) | 02:40 pm | 06:07 pm | 3.25 |

Total Hours Worked = 46
Plaintiff was paid (26.25 hours at $25.53 + 19.75 at $18.00) = $1,025.66
Plaintiff did not receive OT premium for hours over 40


Week I:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (12/11/2017) | 06:53 am | 08:35 am | 1.50 |
| Monday | (12/11/2017) | 08:35 am | 02:34 pm | 5.50 |
| Monday | (12/11/2017) | 02:40 pm | 06:08 pm | 3.50 |
| Tuesday | (12/12/2017) | 06:53 am | 08:37 am | 1.50 |
| Tuesday | (12/12/2017) | 08:37 am | 02:37 pm | 5.50 |
| Tuesday | (12/12/2017) | 02:37 pm | 06:09 pm | 3.75 |
| Wednesday | (12/13/2017) | 06:58 am | 08:38 am | 1.75 |
| Wednesday | (12/13/2017) | 08:38 am | 02:42 pm | 5.50 |
| Wednesday | (12/13/2017) | 02:42 pm | 06:05 pm | 3.25 |
| Thursday | (12/14/2017) | 09:12 am | 10:37 am | 1.25 |
| Thursday | (12/14/2017) | 10:37 am | 02:38 pm | 3.50 |
| Thursday | (12/14/2017) | 02:38 pm | 06:05 pm | 3.25 |
| Friday | (12/15/2017) | 06:58 am | 08:35 am | 1.50 |
| Friday | (12/15/2017) | 08:35 am | 03:00 pm | 6.00 |

Total Hours Worked = 47.25
Plaintiff was paid (26 hours at $25.53 +21.25 hours at $18.00) = $1,046.28
Plaintiff did not receive OT premium for hours over 40

Week J:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (12/18/2017) | 06:59 am | 08:35 am | 1.50 |
| Monday | (12/18/2017) | 08:35 am | 02:42 pm | 5.50 |
| Monday | (12/18/2017) | 02:42 pm | 06:04 pm | 3.25 |
| Tuesday | (12/19/2017) | 06:54 am | 08:36 am | 1.50 |
| Tuesday | (12/19/2017) | 08:36 am | 02:37 pm | 5.50 |
| Tuesday | (12/19/2017) | 02:37 pm | 06:11 pm | 3.75 |
| Wednesday | (12/20/2017) | 07:09 am | 08:38 am | 1.50 |
| Wednesday | (12/20/2017) | 03:00 | 06:00 pm | 3.00 |
| Wednesday | (12/20/2017) | Sick | sick | 5.50 |
| Thursday | (12/21/2017) | 07:00 am | 08:38 am | 1.75 |
| Thursday | (12/21/2017) | 08:38 am | 03:05 pm | 6.00 |
| Thursday | (12/21/2017) | 03:05 pm | 06:15 pm | 3.25 |
| Friday | (12/22/2017) | 06:51 am | 08:34 am | 1.75 |
| Friday | (12/22/2017) | 08:34 am | 02:30 pm | 5.50 |
| Friday | (12/22/2017) | 03:00 pm | 06:15 pm | 3.25 |

Total Hours Worked =47
Plaintiff was paid (22.50 hours at $25.53 + 24.50 hours at $18.00) = $1,015.42
Plaintiff did not receive OT premium for hours over 40